# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY,** | ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) )  6:23-cv-01130-LSC |
| **KITH FURNITURE, LLC,** | ) ) ) ) |
| **Defendant.** | ) |

## MEMORANDUM OF OPINION AND ORDER

Before this Court is Defendant Kith Furniture, LLC's motion to stay proceedings. (Doc. 18.) The Court held a hearing on this motion on June 13, 2024. This Court having heard the parties' arguments and having duly considered the motion and related briefs (docs. 18, 19, 20), Kith's motion to stay (doc. 18) is **DENIED** for the reasons stated below.

## I. Background

This action involves an insurance dispute related to a tornado that damaged Kith's furniture plant and inventory located there. (Doc. 1 ¶¶ 7, 8.) While investigating Kith's insurance claim, Plaintiff Liberty Mutual Fire Insurance Company allegedly learned information that called Kith's claim into question and warranted further investigation. (*Id.* ¶ 9.) Kith insisted that Liberty continue making

payments under the policy "during the pendency of this investigation." (Doc. 18-2 at 2.) Liberty filed suit three weeks later seeking a declaration that it need not continue making payments until it concludes its investigation. (Doc. 1 ¶ 18.) Around that time, the Alabama Department of Insurance, Criminal Investigation Division, Fraud Bureau opened an investigation into Kith's insurance claim. (Doc. 18-3.)

Several months later, Liberty amended its complaint to add a new claim alleging fraud. (Doc. 16 ¶ 20.) Specifically, Liberty alleges that Kith employees "intentionally damaged" "almost $500,000 worth" of "furniture that [Kith] could no longer sell to make it look like it had been damaged in the tornado." (*Id.* ¶¶ 10, 14.) Kith now moves this Court to stay all proceedings in this action pending the Alabama Department of Insurance's criminal investigation. (Doc. 18.)

## II. Discussion

Kith contends that it will be substantially prejudiced by having to defend itself in this action while simultaneously facing a parallel criminal investigation. (*Id.* at 6.) Liberty counters that, if this Court stays this action, Liberty will be substantially prejudiced by the "very real risk that evidence would be lost and memories would fade." (Doc. 19 at 12.) The parties agree that this Court has the power to grant Kith's requested stay and the discretion to deny it. *United States v. Lot 5, Fox Grove, Alachua*

*Cnty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994). This Court concludes that the balance of equities and the risk of prejudice weigh in favor of denying Kith's requested stay.

In deciding whether to stay a civil case pending resolution of a related criminal case, courts consider several factors: (1) the extent of overlap between the civil and criminal cases; (2) the extent to which the defendant's Fifth Amendment rights are implicated; (3) the relative statuses of the cases; (4) the potential prejudice to the plaintiff from delayed proceedings; (5) the burden imposed on the defendant from any particular aspect of the proceedings; (6) the efficient use of judicial resources; and (7) the interests of the public and other nonparties. *See EMC Prop. & Cas. Co. v. 205 Customz, LLC*, No. 2:15-CV-00293-RDP, 2015 WL 3554737, at *1 (N.D. Ala. June 5, 2015) (citing *SEC v. Healthsouth Corp.*, 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003)); *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, No. 2:18-CV-01479-KOB-HNJ, 2019 WL 8014315, at *4 (N.D. Ala. Oct. 30, 2019) (citing *EMC*, 2015 WL 3554737, at *1).[1] Courts must balance these factors "on a case-by-case basis with the goal being to avoid prejudice." *EMC*, 2015 WL 3554737, at *1 (quoting *Healthsouth*, 261 F. Supp. 2d at 1326). This Court addresses each factor below.

### i. *This case significantly overlaps the related criminal investigation.*

---

[1] The parties cite and reference *EMC* and *Roche* throughout their briefs and frequently during oral arguments. (*See* docs. 18, 19, 20.) Accordingly, this Court addresses the parties' arguments primarily in reference to those opinions.

The Alabama Department of Insurance opened its criminal investigation on the very insurance claim at issue here. (Doc. 18-3.) Kith asserts that the investigation and this case "involve the same legal theories and alleged conduct by Kith," and are "practically identical." (Doc. 18 at 8-9.) Although Liberty dismisses Kith's assertions as "entirely speculative," (doc. 19 at 5), emails exchanged between Liberty and a criminal investigator for the Alabama Department of Insurance tend to corroborate Kith's assertions. (Docs. 20-1, 20-2, 20-3.) This Court is persuaded that the overlap between this case and Alabama's investigation is significant. However, this Court disagrees with Kith that "this fact alone is sufficient to support entering a stay in this case until resolution of the criminal investigation." (Doc. 18 at 9.)

In its briefs and during oral arguments, Kith—citing *EMC*—repeatedly emphasized that the degree of overlap is the most important factor in deciding whether to stay a civil proceeding. To an extent, Kith is correct: the degree of overlap is "the most important *threshold* issue in deciding whether the court should stay the civil proceeding." *EMC*, 2015 WL 3554737, at *2 (emphasis added) (quoting *Healthsouth*, 261 F. Supp. 2d at 1326). That is to say, courts generally should not stay civil proceedings pending the outcome of criminal proceedings unless the proceedings substantially overlap—overlap is necessary. But it is not independently sufficient. *See id.* (recognizing that "no factor is necessarily dispositive"). Thus, the

"threshold" importance of this factor does not alone justify a stay. *See id.* Still, this factor weighs in Kith's favor.

### ii. Kith has no Fifth Amendment rights.

As recognized by Kith and the court in *Roche*, "[t]he Fifth Amendment privilege against self-incrimination does not extend to non-natural entities." 2019 WL 8014315, at *8 (citing *Braswell v. United States*, 487 U.S. 99, 102 (1988)). "Thus, courts routinely hold parallel criminal proceedings do not entitle corporate defendants to a stay of civil proceedings." *Id.* (citations omitted). For this reason, the court in *Roche* denied a motion to stay civil proceedings as to corporate defendants while granting the stay as to individual defendants. *Id.* at *9, *10.

As a limited liability corporation, Kith is "not protected by the Fifth Amendment." *Braswell*, 487 U.S. at 102. As such, this factor weighs heavily in Liberty's favor. *See Roche*, 2019 WL 8014315, at *9.

### iii. There are no pending criminal proceedings.

Among Liberty's attempts to distinguish this case from those cited by Kith, one fact stands out: here, there are no pending or imminent criminal proceedings. *See Healthsouth*, 261 F. Supp. 2d at 1327 (noting that a stay in a civil action "when no indictment has yet issued in the criminal proceeding is rare" (collecting cases)).

In *EMC*, the defendant had been arrested and charged with arson and criminal fraud in connection with the insurance claim made the basis of that civil lawsuit. 2015 WL 3554737, at *1. That arrest and those charges provided grounds for the court to hold that any prejudice to the plaintiff from a "brief delay" in the civil case was "greatly outweighed by the potential waste of duplicative judicial resources and the possibility of inconsistent rulings." *Id.* at *4. The court thus stayed the civil action "so that [the defendant's] criminal prosecution [could] be pursued in force." *Id.*

Here, by contrast, the record does not indicate that anyone has been indicted, charged, or arrested for any crime related to this insurance dispute. As such, there is no basis for this Court to conclude that granting a stay would cause only a "brief delay" in this civil action. *See id.* There is also no way for this Court to predict how long it will take Alabama to conclude its criminal investigation or, for that matter, whether there will ever be any criminal prosecution. *Cf. Roche*, 2019 WL 8014315, at *5 (staying civil proceedings as to individual defendants only where the parties "demonstrate[d] imminent criminal charges"). As further stated below, this lack of pending or imminent criminal proceedings makes any potential avoidance of prejudice to Kith or any potential conservation of judicial resources by granting a stay entirely speculative. Accordingly, this factor weighs in favor of Liberty.

### iv. Liberty faces potential prejudice from delayed proceedings.

Liberty argues that, given the lack of pending criminal proceedings, staying this case would be "putting Liberty's civil action on the shelf to grow cold without the benefit of a criminal prosecution against Kith." (Doc. 19 at 12.) And while this case is stayed indefinitely, Liberty claims it will be prejudiced "by the very real risk that evidence would be lost and memories would fade." (*Id.*) This Court agrees: "the likelihood of witnesses becoming unavailable or being unable to recall specific facts certainly increases with the passage of time, as does the potential loss of documents and physical evidence." *EMC*, 2015 WL 3554737, at *4. Although Alabama's ongoing investigation somewhat mitigates the risk that evidence will be lost and memories will fade, the current absence of any arrests or criminal charges fails to assure this Court that Alabama's investigation will be sufficiently "brief" and "exhaustive" to shield Liberty from all prejudice. *See id.* This factor weighs heavily in Liberty's favor.

### v. *Any prejudice Kith may face is speculative.*

Kith argues that it faces two sources of prejudice should this Court deny the stay. First, Kith claims it will be burdened by having to defend this action while simultaneously defending criminal proceedings. (Doc. 18 at 13.) Second, witness testimony "may be chilled in civil discovery" as witnesses assert the Fifth Amendment privilege. (*Id.* at 12.)

The problem with both asserted prejudices is the same: staying this action fails to guarantee a remedy as to either. As noted, there are currently no pending criminal proceedings related to this civil action. Staying this action would therefore not allow Kith "to focus first on the criminal proceedings," as it argues it could. (*Id.* at 13.) Moreover, even if a criminal prosecution begins and, as Kith fears, individual witnesses raise their Fifth Amendment rights, those interests would likely continue for an extremely long time, forcing this civil proceeding to an ultimate stagnant death. As such, any prejudice to Kith that might be avoided by staying this action is entirely speculative. This factor weighs against granting a stay.

### *vi. Any conservation of judicial resources is unlikely.*

For the same reasons already discussed, staying this action is unlikely to achieve any conservation of judicial resources. Though both parties could conceivably benefit from a stay in this action while Alabama prosecutes parallel criminal proceedings, such proceedings will have little to no effect on the judicial resources to be expended on this civil proceeding. Accordingly, this factor weighs against granting a stay.

### *vii.   The interest of the public and nonparties is unclear.*

The parties do not advance any serious argument that this Court's decision to stay this action has any bearing on nonparties or the public interest. Kith argues

merely that there is "no harm" to third-party interests in staying this action, and that the public's interest is served by Alabama's criminal prosecution. (Doc. 18 at 1–16.) Liberty reiterates the absence of any pending criminal prosecution. (Doc. 19 at 13.) Under these circumstances, the Court assigns this factor no weight.

In sum, Kith has failed to persuade this Court that a stay in this action would serve to avoid substantial prejudice or advance relevant interests. Any speculative conservation of resources is outweighed by Liberty's countervailing interest in pursuing its claims and by Kith's lack of Fifth Amendment privileges.

### III. Conclusion

For the reasons stated above, Defendant Kith Furniture, LLC's motion to stay proceedings (doc. 18) is **DENIED**.

**DONE** AND **ORDERED** ON JULY 1, 2024.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
215647